IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT LEE ANDERSON                                                                        PLAINTIFF

v.                              Civil No. 6:15-CV-06054-SOH-BAB

CORPORAL GRAVES                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION**

    This is a civil rights action filed by the Plaintiff, Robert Lee Anderson, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. Currently before the Court is Defendant Graves' Motion to Dismiss. ECF No. 18.

**I.  BACKGROUND**

    Plaintiff filed his Complaint in the Eastern District of Arkansas on May 26, 2015. ECF No. 1. It was properly transferred to this District on May 27, 2015. ECF No. 3. Plaintiff filed a Supplement to his Complaint on July 30, 2015. ECF No. 6.

    In his Complaint Plaintiff alleges Defendant Graves lied on his probable cause affidavit. Specifically, he alleges Defendant Graves lied about the amount of methamphetamine found on his person when he was arrested after a traffic stop. ECF No. 1, p. 4. Plaintiff attached a copy of this affidavit. It states Defendant Graves made a traffic stop when he observed Plaintiff cross the line into another traffic lane. When Defendant ran Plaintiff through the system, he found an active Hot Spring County, Arkansas, warrant on Plaintiff for failure to appear. Plaintiff was placed under

arrest and searched, and a clear plastic baggie containing 2.2 grams of a crystal substance was found on Plaintiff's person. ECF No. 1, pp. 5-6. Plaintiff alleges he lost his job and vehicle because Defendant Graves lied about the amount of methamphetamine found. He alleges his bond would have been lower if the amount of methamphetamine had been correctly stated to be the half gram he was actually carrying. ECF No. 1, p. 4.

Plaintiff proceeds against Defendant Graves in his official capacity only. ECF No. 1, p. 2. He seeks to have the charges against him dropped, and "whatever we can do." ECF No. 1, p. 4.

In his Supplement, Plaintiff provided a copy of the crime lab report. This report states the amount of methamphetamine was 1.2593g (+/-0.0010g). ECF No. 6, p. 2. Plaintiff elaborated on his Complaint, stating "if he would not have lied on my affidavit, my bond would have not [been] so high and I could have bond-out and . . not lost my job or my truck." ECF No. 6, p. 4. He further points out he was stopped for a traffic violation, but never received a traffic ticket. ECF No. 6, p. 1.

Defendant Graves filed his Motion to Dismiss on December 14, 2015. ECF No. 18. In this Motion, Defendant asserts qualified immunity in his individual capacity, he is immune from suit in his official capacity, and also indicates Plaintiff plead guilty to the charges against him, essentially admitting the facts he now claims are untrue. ECF No. 18, p. 2.

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009)

(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III.   DISCUSSION

Defendant argues the case should be dismissed for three reasons: 1) Plaintiff failed to state a constitutional claim, and any constitutional claim would be barred by qualified immunity; 2) the City of Malvern is immune from suit pursuant to Ark. Code. § 21-9-301; and 3) Plaintiff's claim concerning his conviction is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 18-1.

To the extent Plaintiff's request to "drop charges" is a challenge to his conviction, it is barred by *Heck*. In *Heck,* the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

Plaintiff requests this Court "drop" the charges against him. He pled guilty to the underlying drug offense. He cannot attack his conviction in a § 1983 lawsuit. His request to "drop charges" is barred by *Heck* and the conviction can only be challenged by a direct appeal or a *habeas*

*corpus* petition. Plaintiff also asked this court to do "whatever we can do" in addition to dropping the charges against him. Pursuant to *Heck*, any claim for damages resulting from the arrest or conviction, cannot be pursued until the conviction is either overturned on appeal or set aside in a *habeas corpus* proceeding.

Plaintiff sued Plaintiff Graves in his official capacity as a Malvern City Police Officer. However, Plaintiff failed to make any allegations which would support an official capacity claim against the City of Malvern.

Under Section 1983, a defendant may be sued in his individual capacity, his official capacity, or both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir. 1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

Plaintiff did not make any allegations implicating a custom or policy of the City of Malvern in the alleged violation of his constitutional rights. Instead, his allegations focus on the individual actions of Defendant Graves alone. These allegations cannot support an official capacity claim against the City of Malvern.

## IV. CONCLUSION

Accordingly, I recommend Defendant Graves' Motion to Dismiss (ECF No. 18) be **GRANTED** and the case be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 20th day of July 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE